## CARPENTER v. PRUDENTIAL S. S. CO.
### No. 58, Docket 20318.

Circuit Court of Appeals, Second Circuit.

Dec. 26, 1946.

Silas B. Axtell, of New York City (Lindsay D. Holmes, of New York City, of counsel), for appellant.

Corydon B. Dunham, of New York City, for appellee.

Before L. HAND, AUGUSTUS N. HAND and CHASE, Circuit Judges.

PER CURIAM.

The only question raised upon this appeal is the refusal of the judge to grant one of the plaintiff's requests to charge. The plaintiff, a boatswain, testified that, when the ship was two or three days out of Halifax, his eyes became inflamed, and that he went to the mate who gave him boric acid, which benefited him very little. He swore that he went ashore at London in an unsuccessful search for a doctor; and that when he came back, he spoke again to the mate about his eyes, who answered that he had better wait until he went back to New York for treatment. On the return voyage his eyes became so bad that he was relieved of work, and, when the vessel reached port, he was sent to Marine Hospital at Staten Island, after which he concededly received adequate care. The mate denied that the plaintiff had complained of his eyes either on the trip out, or while the vessel was in London, but admitted that he did come to him after she left Lock Huey on the return voyage.

Upon this evidence the court charged the jury: "You have to put yourself in the position of these two men at the time they were in London, whether that was a reasonable attitude for the mate to take at that time." (The judge was referring to the plaintiff's testimony that the mate had suggested that he had better wait until they got back to the United States.) Again he charged the jury: "If you find, however, that there is liability on the part of the steamship company, namely, that the steamship company was negligent in the respect that I have indicated, you then come to the question of damages." Perhaps the plaintiff might plausibly argue that this was an inadequate presentation of the law, if the judge had done no more, but at the conclusion of his colloquial charge at the plaintiff's request he further charged the jury: "that it is the duty of the master * * * to furnish the seamen employed on the ship * * * reasonable and adequate care and treatment regardless of what it is caused by, if it merely arises during the employment, that the master must exercise that degree of care that a reasonably prudent person would, charged with such responsibility in getting doctors or experts." This being the whole measure of the instructions to the jury, the supposed error was in refusing the following charge: "It was the duty of the master, and in his absence or any of his officers, for the mate to offer or make available at London to the plaintiff expert medical care, if they believed that the plaintiff had been suffering with his eyes all the way from outside of Halifax, and that he had been having trouble with his and told the mate about it." We cannot agree that this refusal was erroneous; it did not at all follow that, because the plaintiff had been suffering from his eyes all the

way from Halifax and had told the mate about it, that the mate should have offered, or made available, expert medical care to the plaintiff at London. If the judge had so charged the jury he would have himself set the standard of care, regardless of the severity of the plaintiff's malady; it was not enough that his eyes had been troublesome from the start. It was for the jury to set that standard; not all trouble demanded or deserved such consideration. The request would have covered a common case of conjunctivitis.

Judgment affirmed.